IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 17-CV-1915-MSK-MJW

**INSIGHT GLOBAL LLC,**

    Plaintiff,

*v.*

**MARY MCDONALD, and
BEACON HILL STAFFING GROUP LLC,**

    Defendants.

## AMENDED OPINION AND ORDER ON MOTIONS TO DISMISS

**THIS MATTER** comes before the Court on the Defendants' Motions to Dismiss (**## 14**, **15**), the Plaintiff's responses (**## 23**, **24**), and the Defendants' replies (**## 31**, **32**). For the reasons that follow, the first motion is granted and the second motion is denied.

### I. JURISDICTION

The Court has jurisdiction to hear this case under 28 U.S.C. § 1331.

### II. BACKGROUND

The following general allegations are drawn from the Complaint and for purposes of these Motions are taken as true. They are supplemented as necessary as part of the Court's analysis.

Defendant Mary McDonald worked for Plaintiff Insight Global, a staffing company, in its Boston office for close to two years. She started as a recruiter-in-training and was subsequently promoted to recruiter and then to account manager. During her employment, Ms. McDonald had access to extensive confidential business information and trade secrets regarding Insight's

1

business, services, customers, clients, pricing, strategies and financial information. Insight ended its employment relationship with Ms. McDonald in May 2017. Ms. McDonald then relocated to Denver and accepted employment with Defendant Beacon Hill Staffing, performing a similar job to what she did at Insight.

Ms. McDonald's original employment agreement with Insight imposed several restrictions that restricted her use and disclosure of Insight's trade secret information during and after her employment. Among these restrictions were provisions limiting use of 1) Insight's trade secrets; 2) Insight's confidential business information; 3) a "no competition" provision operative for two years within the "Territory" which is defined as the lesser of 35 miles from Ms. McDonald's business location (Boston) or the length of a straight line between Ms. McDonald's business location and her most distant customer or client; 4) an agreement not to solicit customers or clients for whom she has provided services; 5) an obligation to return Insight's property and information on written demand; and 6) to provide a copy of the employment agreement to any employer for whom Ms. McDonald works in the 2 year period following her employment with Insight. After her employment with Insight ended, Ms. McDonald entered into a Separation Agreement with Insight, in which she reaffirmed her commitment to abide the restrictions in her employment agreement (the Reaffirmation Provision). She also affirmed that she had returned all of Insight's property (the Return of Property Affirmation).

In violation of the restrictions in the various agreements, Ms. McDonald misappropriated Insight's confidential and trade secret information including the names of customers in the Denver area. In her new employment with Beacon Hill, Ms. McDonald is allegedly using or disclosing Insight's trade secrets and confidential business information in violation of her

contractual obligations, and that she has failed to give appropriate notice of her employment with Beacon Hill.

As to Beacon Hill, the Complaint alleges that it has knowledge of Ms. McDonald's contractual obligations to Insight, but that it has instructed Ms. McDonald that she does not need to comply with these obligations. Beacon Hill has coordinated with Ms. McDonald to cover up her breaches of the Separation Agreement.[1] In addition, Beacon Hill is engaging in unfair competition.

In its Complaint, Insight states the following causes of action against Ms. McDonald: (1) breach of employment agreement, (2) misappropriation of trade secrets under three statutes, (3) breach of separation agreement, (4) fraud, and (5) breach of duty of loyalty. The Complaint also alleges two causes of action against Beacon Hill: 1) tortious interference with Ms. McDonald's employment agreement; and 2) unfair competition.

Ms. McDonald moves to dismiss only the fraud claim (**# 15**). Beacon Hill moves to dismiss both the tortious-interference and unfair-competition claims (**# 14**).

### III. LEGAL STANDARD

In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept all well-pleaded allegations in the complaint as true and view those allegations in the light most favorable to the nonmoving party. *Stidham v. Peace Officer Standards & Training*, 265 F.3d 1144, 1149 (10th Cir. 2001) (quoting *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)). The Court must limit its

---

[1] Insight tenders these allegations upon information and belief. The Court does not recount the other, myriad allegations Insight makes against Beacon Hill — such as it being Beacon Hill's *modus operandi* to raid Insight for new employees and to conceal such hires from Insight — because such allegations are based largely on the existence of other disputes between these two parties, a circumstance not particularly germane to this lawsuit.

3

consideration to the four corners of the complaint, any exhibits attached thereto, and any external documents that are incorporated by reference. *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). However, a court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity. *Alvarado v. KOB-TV LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007).

A claim is subject to dismissal if it fails to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To make such an assessment, the Court first discards those averments in the complaint that are merely legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements. The Court then takes the remaining, well-pleaded factual contentions, treats them as true, and ascertains whether those facts (coupled, of course, with the law establishing the requisite elements of the claim) support a "plausible" as compared to a "conceivable" claim. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

## IV. DISCUSSION

### A. Fraud

The fraud claim alleges that Ms. McDonald made material misrepresentations when she executed the Separation Agreement. Specifically, Insight alleges that Ms. McDonald agreed to the Return of Property Affirmation without any intention to return Insight's trade secrets, confidential information and other property and agreed to the Reaffirmation Provision knowing that she had accepted employment with a competitor, Beacon Hill.

To prove a claim under Colorado law for fraudulent misrepresentation, a plaintiff must establish that (1) the defendant knowingly misrepresented a material fact, (2) he justifiably relied

4

on the misrepresentation, and (3) he suffered damage as a result of such reliance.[2] *See Barfield v. Hall Realty Inc*., 232 P.3d 286, 290 (Colo. App. 2010). To prove a claim for negligent misrepresentation, a plaintiff must allege that (1) the defendant supplied false information in a business transaction, (2) the defendant failed to exercise reasonable care or competence in communicating that information, and (3) that he justifiably relied upon the false information. *Campbell v. Summit Plaza Assoc*., 192 P.3d 465, 477 (Colo. App. 2008).

Rule 9(b) requires that allegations of fraud be pled with particularity — "the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Uta*h, 472 F.3d 702, 726–27 (10th Cir. 2006). However, the requirements of Rule 9(b) must be read in conjunction with the principles of Rule 8, which requires that pleadings "be construed to do substantial justice." Fed. R. Civ. P. 8(e)–(f); *Seattle-First Nat'l Bank v. Carlstedt*, 800 F2d 1008, 1101 (10th Cir. 1986). The purpose of Rule 9(b) is "to afford defendant fair notice of plaintiff's claims and factual ground upon which [they] are based". *Schwartz v. Celestial Seasonings*, 124 F3d 1246, 1252 (1997). Review of the entire complaint is often necessary to determine whether fraud is sufficiently pleaded. A dismissal for failure for failure to adequately plead particulars in accordance with Rule 9(b) is akin to a dismissal for failure to state a claim, curable by amendment.

Ms. McDonald complains that the Complaint is insufficiently specific in identifying the misrepresentations she allegedly made to Insight. Indeed, the Complaint recites no specific misrepresentations in a traditional sense. Rather, the Complaint derives the alleged

---

[2] It appears from the Complaint that the Separation Agreement provides that Georgia state law will govern its interpretation. *See* Compl. ¶ 49. However, in its response to the motion to dismiss, Insight cites and argues Colorado state law. Accordingly, the Court assumes that Insight is satisfied proceeding under Colorado law.

5

misrepresentations from the warranties contained in the Separation Agreement. A contractual claim based on the breach of a duty and a tort claim that Ms. McDonald never intended to comply with the contract in the first place are mutually exclusive. If she did not intend to enter into the contract in the first place — that is, she *never* intended to perform that which she was promising to perform — then there was no contract and tort is the only remedy. *See Kinsey v. Preeson*, 746 P.2d 542, 551 (Colo. 1987) ("A promise concerning a future act, when coupled with a present intention not to fulfill the promise, can be a misrepresentation which is actionable as fraud."). To the extent she did intend to enter into the contract, then Insight's remedy is breach and the economic-loss rule would proscribe extra-contractual damages in tort.

But, for pleading purposes, the breach claim and fraud claim can exist as alternative theories. *See* Fed. R. Civ. P. 8(d)(2). The Court therefore construes the fraud claim as an alternative theory to breach claim based on the Separation Agreement, such that both claims may proceed at this time. Eventually, however, Insight will have to elect which theory to pursue.

**B. Tortious Interference**

This claim alleges that Beacon Hill induced Ms. McDonald to breach her original employment agreement. Beacon Hill argues that the Complaint contains insufficient allegations to show that it used improperly hired Ms. McDonald.

To prove a claim under Colorado law for tortious interference, a plaintiff must establish that (1) it had either a valid existing contract with a third party or it expected to enter into a contract with a third party, (2) the defendant induced or otherwise caused the third party to breach the contract or not enter into the contractual relation, and (3) the defendant did so intentionally and via improper means. *Harris Grp. v. Robinson*, 209 P.3d 1188, 1195–96 (Colo. App. 2009). When, as here, parties are engaged in business competition, the improper-means

element is satisfied by allegations showing that the interference took the form of conduct that is "intrinsically wrongful — that is, conduct which is itself capable of forming the basis for liability of the actor," as well as conduct that is illegal, in violation of professional standards, achieved through violence or threats, arising from misrepresentation or unfounded litigation, or via defamation. *Id.* at 1197–98.

The sum total of the Complaint's allegations against Beacon Hill is as follows:

- Beacon Hill's business model is to hire employees subject to covenants not to compete with competitors, as evidenced by almost 30 lawsuits over 11 years.

- Beacon Hill is aware of the restrictions Insight places on terminated or separated employees because it has reviewed the subject agreements in the course of discovery in other lawsuits.

- Beacon Hill has hired at least five former Insight employees in the month preceding the Complaint's filing.

- Beacon Hill is aware of Ms. McDonald's obligations under the Separation Agreement.

- Beacon Hill has instructed Ms. McDonald that she does not need to comply with such obligations.

*See* Compl. ¶¶ 70–78.

These allegations are not sufficient to state a plausible claim. Although there does not appear to be any dispute that Insight had a valid, existing contract with Ms. McDonald (the third party), the allegations that Beacon Hill is aware of the terms of Ms. McDonald's obligations and it told her that she need not comply is conclusory.

Even if true, the combination of these allegations fails to state facts concerning use of "improper means" by Beacon Hill to induce Ms. McDonald to breach her contracts with Insight. Beacon Hill's awareness of the existence of Ms. McDonald's obligations does not indicate how Beacon Hill induced Ms. McDonald to breach them, and the Complaint offers no further allegations other than a conclusory statement that Beacon Hill's conduct (whatever it was) was committed with actual malice and improper purpose. According to the Complaint, the only means Beacon Hill used — assuming *arguendo* that it induced Ms. McDonald to breach the employment agreement in the first place — was hire Ms. McDonald. By itself, the offer of a job to the employee of a competitor is not improper. For these reasons, the allegations are insufficient to state a plausible claim for tortious interference.

**C. Unfair Competition**

This claim is brought against Beacon Hill, alleging that Beacon Hill engaged in a systematic campaign of raiding Insight's employees, which Insight characterizes as unfair competition. The parties agree as to the elements of an unfair-competition claim under Colorado law. A plaintiff must establish that (1) the defendant copied the plaintiff's products or services, or misappropriated the plaintiff's name or business values; and (2) the defendant's conduct is likely to deceive or confuse the public because of difficulties distinguishing between the parties' products, services, or business values. *Netquote Inc. v. Byrd*, 504 F. Supp. 2d 1126, 1131 (D. Colo. 2007).

Though the concept of unfair competition has developed under Colorado law over time, any of its formulations require "that the public was deceived or confused." *Id.* at 1132. Unfortunately, the Complaint fails to allege any facts, which if true, would establish that there

has been or is likely to be any impact on the public's ability to distinguish between the products and services of Insight and Beacon Hill.

Although the Court appreciates that "raiding" of employees is harmful to Insight, an unfair competition claim does not focus a direct loss to Insight. Instead, it focuses on a loss to Insight <u>because</u> the public is confused or deceived. In order for a cognizable unfair competition claim to be alleged based on Beacon Hill "poaching" Insight's employees, there would have to be allegations such as that the public was confused as to who the employees worked for or that Insight lost business because the public dealt with Beacon Hill believing that it was dealing with Insight. The Complaint contains no allegations as to the effect that the "raiding" of employees by Beacon Hill had or is likely to have on the public, much less how that has impacted Insight. Consequently no cognizable claim for unfair competition has been stated, and the claim is dismissed.

## V. CONCLUSION

For the foregoing reasons, Ms. McDonald's Motion to Dismiss (**# 15**) is **DENIED**. Beacon Hill's Motion to Dismiss (**# 14**) is **GRANTED**. The Plaintiff's tortious-interference, and unfair-competition claims are **DISMISSED**, without prejudice. Should the Plaintiff be able to overcome the deficiencies described herein, it may file a motion to amend the Complaint within 21 days of the date of this order.

Dated this 3rd day of May, 2018.

**BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
Chief United States District Judge