IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 17-CV-1915-MSK-MJW

**INSIGHT GLOBAL LLC,**

    Plaintiff,

*v.*

**MARY MCDONALD, and
BEACON HILL STAFFING GROUP LLC,**

    Defendants.

---

**ORDER ON MOTION TO AMEND AND OBJECTIONS TO MINUTE ORDER**

---

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Amend (**# 88**) and the Defendants' response (**# 89**); and Beacon Hill's Appeal (**# 67**) of the Magistrate Judge's Minute Order (**# 62**), the Plaintiff's response (**# 69**), and the Defendant's reply (**# 73**). For the reasons that follow, the Motion to Amend is granted and the Appeal is denied as moot.

**A. Motion to Amend**

On April 30, 2018, the Court granted Defendant Beacon Hill's Motion to Dismiss Plaintiff Insight Global's claims against it for tortious interference and unfair competition. In the order, the Court invited a motion to amend the Complaint if Insight is able to overcome the deficiencies described therein. Insight has now moved to amend its Complaint to re-allege its claim for tortious interference; it does not seek to re-allege its claim for unfair competition.

Rule 15(a) provides that leave to amend a pleading shall be "freely given." Leave to amend may be properly denied where the Court finds circumstances do not warrant it, such as

where bad faith, undue delay, repeated failures to cure deficiencies as a result of previous amendments, or undue prejudice are present. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Insight's tortious-interference claim alleges that Beacon Hill induced Ms. McDonald to breach the Separation Agreement. To prove a claim under Colorado law for tortious interference, a plaintiff must establish that (1) it had either a valid existing contract with a third party or it expected to enter into a contract with a third party, (2) the defendant induced or otherwise caused the third party to breach the contract or not enter into the contractual relation, and (3) the defendant did so intentionally and via improper means. *Harris Grp. v. Robinson*, 209 P.3d 1188, 1195–96 (Colo. App. 2009) (citing *Amoco Oil Co. v. Ervin*, 908 P.2d 493, 502 (Colo. 1995)). When, as here, parties are engaged in business competition, the improper-means element is satisfied by allegations showing that the interference took the form of conduct that is "intrinsically wrongful — that is, conduct which is itself capable of forming the basis for liability of the actor," as well as conduct that is illegal, in violation of professional standards, achieved through violence or threats, arising from misrepresentation or unfounded litigation, or via defamation. *Id.* at 1197–98.

The revised sum of the allegations against Beacon Hill is as follows:

- Beacon Hill is aware of the restrictions Insight places on terminated or separated employees because it has reviewed the subject agreements in the course of discovery in other lawsuits and because the supervisor who hired Ms. McDonald at Beacon Hill was formerly employed at Insight.
- Beacon Hill's CEO testified at his deposition that it is unimportant whether a prospective employee is subject to an employment agreement they would violate by working for Beacon Hill.

- Beacon Hill is aware of Ms. McDonald's obligations under the Separation Agreement.
- Beacon Hill has instructed Ms. McDonald that she does not need to comply with such obligations.
- Beacon Hill waited until after Ms. McDonald's employment ended at Insight before sending her an offer letter despite finalizing the offer weeks prior.

*See* # 88-1 ¶¶ 72–79.

The Court will allow Insight to reassert its claim for tortious interference. Where the allegation that Beacon Hill told Ms. McDonald that she need not comply was conclusory before, it is now read in conjunction with factual allegations detailing Beacon Hill's awareness and disregard of the Separation Agreement. Awareness and disregard coupled with an *instruction* to Ms. McDonald not to comply with the Separation Agreement plausibly constitutes improper means. The proposed amendments take Beacon Hill's alleged conduct from the mere offer of a job to the employee of a competitor, an act that is not improper on its own, to an instruction to breach an agreement it was aware of. For these reasons, the allegations are sufficient to, at this deferential stage, state a plausible claim for tortious interference. The proposed amendments are proper under Rule 15(a).

## B. Appeal of the Minute Order

In a separate matter, Beacon Hill objects to the Magistrate Judge's Minute Order (**# 62**) of February 20, 2018, which ordered it to respond to certain discovery requests within three days, a period of time Beacon Hill argues is unduly burdensome. The Court assumes that, months later, Beacon Hill has already responded to these requests — regardless of whether it did so

within the period of time ordered by the Magistrate Judge. Accordingly, Beacon Hill's objections are **DENIED AS MOOT**.

**C. Conclusion**

For the foregoing reasons, Insight's Motion to Amend (**# 88**) is **GRANTED** and Beacon Hill's Appeal of the Minute Order (**# 67**) is **DENIED AS MOOT** to the Magistrate Judge for reconsideration in light of the Court's orders.

Dated this \_\_\_\_\_ day of June, 2018.

**BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
Chief United States District Judge